## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FAUSTINO XAVIER BETANCOURT-COLON, et al.,**

**Plaintiffs,**

**v.**

**CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan,**

**Defendant.**

**CASE NO. 19-1837  (GAG)**

## OPINION AND ORDER

On September 6, 2019, Faustino Xavier Betancourt-Colón ("Plaintiff Betancourt-Colón"), Virgen Negrón-Villegas ("Plaintiff Negrón-Villegas"), Minor A.V.R. ("Plaintiff Minor A.V.R."), represented by her mother Widallys Rivera Quiñones, and William Rodriguez Burgos (Plaintiff Rodríguez") (collectively, "Plaintiffs") filed the above-captioned action against the City of San Juan ("Municipality" or "Defendant"), seeking declaratory and injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794, *et seq.* (Docket Nos. 1; 11).[1] Plaintiffs bring this action individually, and on behalf of all persons with mobility disabilities who use or will use the pedestrian right of way in the City of San Juan, as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.[2] See Fed. R. Civ. P. 23(b)(2).

---

[1] Defendant moved to dismiss the original complaint at Docket No. 1. See (Docket No. 10). Nonetheless, Plaintiffs amended the Complaint at Docket No. 11. Defendants, subsequently, filed a motion to dismiss the Amended Complaint. See (Docket No. 14). The latter is under the Court's advisement in this Opinion and Order, while the former is hereby deemed **MOOT**.

[2] The Municipality of San Juan does not argue that any Rule 23(a) requirements were not met.

Civil No. 19-1837 (GAG)

Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). (Docket No. 14). Defendant avers that all Plaintiffs failed to demonstrate an "injury in fact" or a "concrete and particularized" harm that can be "fairly traceable" to the challenged conduct of the Municipality and, thus, lack standing to sue. Id at 23. Furthermore, it claims that Plaintiffs failed to state a claim upon which relief can be granted because they have not established how they have been excluded from participation, or have been denied, the benefits of the services, programs or activities of a public entity. Id at 13.

After a careful review of the parties' submissions and pertinent law, the Court **DENIES** Defendant's motion to dismiss at Docket No. 14.

## I.    Relevant Factual Background[3]

Plaintiffs filed suit against the Municipality seeking to redress its alleged systemic, pervasive, and continuing policy, pattern, or practice of unlawfully discriminating against individuals with mobility disabilities. (Docket No. 11 ¶ 1).Plaintiffs argue that the Municipality has failed, and continues to fail, in installing and maintaining curb ramps necessary to make its pedestrian right-of-way readily accessible to people with mobility disabilities. Id. Furthermore, Plaintiffs allege the Municipality has failed to comply with its obligation to install and/or remediate curb ramps when it alters or constructs new streets, bus stops, and sidewalks. Id.

Plaintiff Betancourt-Colón lives and works as a volunteer community leader in San Juan, Puerto Rico. Id. ¶ 17. Plaintiff Betancourt-Colón has a mobility disability that substantially limits his ability to walk, and frequently uses a wheelchair and scooter for mobility to move. Id. He

---

[3] For purposes of the motion to dismiss, the Court accepts as true all the factual allegations in the Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

Civil No. 19-1837 (GAG)

encounters many barriers to accessibility, particularly in the San Juan City Hospital area. (Docket No. 11 ¶ 38). For example, he alleges that along Paseo José Celso Barbosa there are street intersections with no curb ramps and, along Paseo José Celso Barbosa and Centro Médico Avenue, almost all ramps at the street intersections have "inaccessible" curb ramps at each corner. Id. Plaintiff also directly encountered the barriers described above on August 5, 2019, among others. Id. ¶ 41. For example, on August 5, 2019, he approached an "inaccessible" curb ramp in front of the Municipality of San Juan building and determined, at the time, that using that sidewalk would pose an unnecessary risk to his safety. Id.

Plaintiff Negrón-Villegas lives in San Juan, Puerto Rico. (Docket No. 11 ¶ 18). Plaintiff Negrón-Villegas has a mobility disability, she cannot walk. Id. She uses a wheelchair for mobility due to her condition of spina bifida. Id. Plaintiff Negrón-Villegas lives at the Los Lirios Public Housing in Cupey sector in San Juan, Puerto Rico. Id. ¶ 47. She has encountered numerous barriers to have full and equal use of the pedestrian right-of-way in her  community and throughout the City. Id. Plaintiff Negrón-Villegas directly encountered the barriers described above on August 5, 2019. Id. ¶ 51.

Plaintiff Minor A.V.R. lives in Toa Alta, Puerto Rico, and has a mobility disability and cannot walk; she uses a wheelchair for mobility due to her conditions of spina bifida and cerebral palsy. (Docket No. 11 ¶ 19). Minor A.V.R. has also encountered numerous obstacles to using portions of the pedestrian right of way throughout the City, particularly in areas near her doctors' offices . Id. ¶ 52. Minor A.V.R. further was faced with streets without curb ramps and barriers in Old San Juan on October, 2019 and during her last visit to a doctor in the City on August, 2019. Id. ¶ 52-53.

Civil No. 19-1837 (GAG)

Plaintiff Rodríguez lives in Canóvanas, Puerto Rico and frequently visits San Juan area for medical appointments and as a local tourist. (Docket No. 11 ¶ 20). Plaintiff Rodríguez has a mobility disability, multiple sclerosis that substantially limits his ability to walk. Id. On September 1, 2019, he was deterred from visiting Old San Juan because of the many inaccessible sidewalks in the area. Id. ¶ 42. Plaintiff Rodríguez is often deterred from visiting San Juan because the inaccessible sidewalks represent a treat to his safety. Id.  Based on Plaintiff Rodríguez' direct observations, he is now continuously aware that he will face architectural barriers, such as inexistent curb ramps. Id. ¶ 44.

Finally, the Plaintiff class consists of all persons with mobility disabilities within the meaning of all applicable statutes and regulations, including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B), who use or will use the pedestrian right of way in the Municipality of San Juan through the date of judgment in this action. (Docket No. 11 ¶ 17-21). Plaintiffs collectively argue that these experiences are typical for persons with mobility disabilities that seek to patrol the City. Id. ¶ 57. They put forward that this reality demonstrates the inaccessibility, fear, humiliation, and isolation that people with mobility disabilities experience while trying to navigate the City's pedestrian right of way. Id.

## II.    Standard of Review

Under FRCP 12(b) (1) a party may assert the defenses of lack of subject matter jurisdiction, Fed.R.Civ.P.12(b)(1). This rule is a large umbrella, overspreading a variety of diverse types of challenges to subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Civil No. 18-1012 (GAG) (1st Cir. 2001). Once a jurisdictional challenge has been raised under FRCP 12(b)(1), Plaintiff must demonstrate the existence of the Court's jurisdiction. Puerto Rico Tel. v. Telecom. Regulatory Bd., 189 F.3d 1, 7 (1st Cir.1999).

**Civil No. 19-1837 (GAG)**

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." New Hampshire Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, 12 (1st Cir. 1996). The courts must dismiss the action if it determines at any time that it lacks subject-matter jurisdiction, Fed.R.Civ.P.12(h)(3). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

**Civil No. 19-1837 (GAG)**

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678). In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

**III.    Legal Analysis**

Defendant argues that Plaintiffs lack standing in the present case. (Docket No. 14 at 23). Additionally, the Municipality claims that Plaintiffs have failed to state a claim upon which relief can be granted regarding because they have not been excluded from participation and benefits of the services, programs or activities of a public entity. (Docket No. 14 at 13).

A.  Standing

Article III of the United States Constitution imposes a "case or controversy" limitation on federal jurisdiction. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). The "case or controversy" limitation requires that a party invoking federal jurisdiction have standing that is a personal stake in the outcome. Warth v. Seldin, 422 U.S. 490, 499 (1975). Constitutional and prudential considerations comprise the standing requirement. Id. To satisfy the constitutional component, the party invoking federal jurisdiction must demonstrate that: (1) they have suffered some actual or threatened injury as a result of the challenged conduct; (2) the injury is fairly traceable to the defendant's challenged conduct; and (3) a favorable decision from the court will likely redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Council of Ins. Agents &

Civil No. 19-1837 (GAG)

1   Brokers v. Juarbe-Jiménez, 443 F.3d 103, 108-09 (1st Cir. 2006). Prudential limitations include

2   "the general prohibition on a litigant's raising another person's legal rights, the rule barring

3   adjudication of generalized grievances more appropriately addressed in the representative branches,

4   and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law

5   invoked." Procurador De Personas Con Impedimentos v. Municipality of San Juan, 541 F. Supp.

6   2d 468, 472 (D.P.R. 2008).

7        Plaintiffs allege  that the lack of accessible curb ramps denies individuals with mobility

8   disabilities full, equal, and meaningful access to the pedestrian right of way, City-wide. (Docket

9   No. 11 ¶¶ 25-35). Plaintiffs further allege that, as a result, persons with mobility disabilities have

10  been denied access to the accommodations and services available to the general public. Id.

11  Moreover, these barriers deter persons with mobility disabilities from exploring or visiting areas of

12  the City. Id. Missing and inaccessible curb ramps likewise delay travel and cause persons with

13  mobility disabilities to fear for their safety, as these conditions often create dangerous situations.

14  Id. These allegations sufficiently demonstrate an injury-in-fact. Plaintiff allege that the

15  Municipality of San Juan is responsible for providing and maintaining sidewalks satisfy the causal

16  connection prong.  Id. ¶ 24.

17       Consequently, the Court finds that Plaintiffs in the present case have standing to sue.

18       B.  Plaintiffs' claim pleading sufficiency

19       The ADA was created to "to provide a clear and comprehensive national mandate for the

20  elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

21  Relevant to the present case, Title II of the ADA prohibits discrimination against persons with

22  disabilities by "public entities," and is modeled on § 504 of the Rehabilitation Act, Pub. L. No.

23

24

Civil No. 19-1837 (GAG)

93-112, 87 Stat. 355 (1973).[4] Pursuant to Title II, a Plaintiff must prove that: (1) that he or she is a qualified individual with a disability; (2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. See 42 U.S.C. § 12132;  Parker v. Universidad de Puerto Rico, 225 F.3d 1, 5 (1st Cir. 2000). The Municipality does not dispute that Plaintiffs are qualified individuals with a disability or that it is a public entity. See Docket No. 14.

All Plaintiffs in the present case have stated that they are qualified individuals with mobility disabilities. (Docket No. 11 ¶¶ 17-21). Each Plaintiff lists several instances where the Municipality's pedestrian right of way was not readily accessible to and usable by persons with mobility disabilities due to the Municipality's failure to install and maintain accessible curb ramps. (Docket No. 11 ¶¶ 6; 36-61). Plaintiffs' assert that, thereby, they and other persons with mobility disabilities must forgo participation in daily activities, including visiting public facilities, places of public accommodation, or risk injury or damage to their mobility devices by traveling on or around inaccessible portions of the pedestrian right of way. Id.

Defendant mostly argue that sidewalks are not considered services under Title II of the ADA. See Docket No. 14, at 13-19. However, *at this early stage of the proceedings*, Plaintiffs have correctly pled their claims under Title II of the ADA provided that the alleged sidewalk inefficiencies also affected their right to visit different public facilities (San Juan City Hospital, Municipality of San Juan, public housing, etc.) or attend public functions, which are indeed considered  services, programs, or activities under said title. (Docket No. 11 ¶¶ 6, 36-61). See also

---

[4] The Court construes the ADA and Rehabilitation Act counts as presenting a single claim. See Parker v. Universidad de Puerto Rico, 225 F.3d 1, 4 (1st Cir. 2000) (noting First Circuit relies interchangeably on ADA Title II and Rehabilitation Act Section 504 law when applying either statute).

Civil No. 19-1837 (GAG)

Parker, 225 F.3d 1, 5 (quoting Title II stating that "no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.149.) The Court notes that whether sidewalks are indeed considered services under Title II of the ADA requires further briefing. Both parties have until October 30, 2020 to provide the Court with further simultaneous memoranda regarding this issue.

Accordingly, Plaintiffs' allegations in the Amended Complaint sufficiently state a claim upon which relief can be granted under Title II of the ADA and Section 504 of the Rehabilitation Act.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant's Motions to Dismiss at Docket No. 14.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of September, 2020.

*s/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
United States District Judge
