UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLON; VIRGEN NEGRON-VILLEGAS, A.V.R. by her next friend and mother, Widallys Rivera Quiñones; and WILLIAM RODRIGUEZ BURGOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JUAN, a public entity also known as Municipality of San Juan<br><br>Defendant. | **CIVIL ACTION**<br><br>**Civil No. 19-1837 (GAG)** |

**MOTION REQUESTING ORDER**

Plaintiffs, Faustino Xavier Betancourt-Colon, Virgen Negron-Villegas, A.V.R. by her next friend and mother, Widallys Rivera Quiñones, and William Rodríguez Burgos, on behalf of themselves and all others similarly situated, and hereby submit this motion requesting order in response to this Court's Order at Docket No. 25.

1. Plaintiffs' strongly concur with the Court's view and believe that mediation could encourage the fair, speedy, and economic resolution of this civil action that is consistent with public policy goal of the Americans with Disabilities Act.

2. The parties in <u>Procurador De Personas Con Impedimentos v. Municipality of San Juan</u>, Civil No. 06-1680 (GAG)(CRV) reached a settlement agreement. An early evaluation of the

1

settlement agreement in Civil No. 06-1680 (GAG)(CRV) would like to serve as a good starting point in exploring what has been done since and what remains to be done.[1]

3. To provide some background, Civil No. 06-1680 (GAG)(CRV) was brought by Plaintiff Procurador de las Personas con Impedimentos, a *state* enforcing agency of the Commonwealth of Puerto Rico, against defendants Commonwealth of Puerto Rico, Municipality of San Juan, and others state officials to redress defendants' systemic, pervasive, and continuing policy, pattern, or practice of unlawfully discriminating against individual with disabilities because of inaccessible sidewalks and other architectural barriers in the City of San Juan.

4. On February 24, 2015, Municipality of San Juan, in compliance with Standing Order No. 9, filed a two-page motion requesting that the viewing of the settlement agreement be restricted to the parties in this case. See Civil No. 06-1680 (GAG)(CRV), Docket No. 295, where the Municipality of San Juan stated:

> Settlement agreements usually include a confidentiality clause to protect their terms. In this case, while the **agreement is not confidential,** the parties agree that its viewing should be restricted to the parties only to avoid any misunderstanding about its terms.
>
> Accordingly, the Municipality respectfully moves the Honorable Court to grant this motion allowing the filing of the settlement agreement with restricted access to the parties only.
>
> (Emphasis added)

5. Because the agreement is not confidential, and because its production imposes a minimum burden on the Municipality, a copy of the settlement agreement should be served upon

---

[1] Plaintiffs' statement should not be construed as an imputation of potential or actual liability or breach by the Municipality of San Juan.

Plaintiffs. It is a relevant instrument that will serve well the the parties during the ADR proceedings.

**WHEREFORE**, Plaintiffs' respectfully request the Court to note Plaintiffs' satisfaction with the stay of proceedings and their willingness to participate in mediation. In addition, they respectfully request an order directing the Municipality of San Juan to produce the settlement agreement in Civil No. 06-1680 (GAG)(CRV).

**I HEREBY CERTIFY THAT I** electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will send notification of such filing to all attorneys of record.

Dated: December 2, 2020.

**LAW OFFICES OF VELEZ COLON**
421 AVE MUÑOZ RIVERA
TENTH FLOOR
SAN JUAN PR 00918
TEL: (787) 599-9003

1969 S. ALAFAYA TRAIL #379
ORLANDO FL 32828-8732

*Attorney for Plaintiff*

S/JOSE CARLOS VELEZ-COLÓN, ESQ.
USDC-PR NO.: 231014
JVELEZ@VELEZLAWGROUP.COM