IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan <br><br> Defendant. | |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan <br><br> Defendant. | Case No. 19-cv-1837-JAG-GLS |

## UNITED STATES' UNOPPOSED MOTION TO INTERVENE AS A PLAINTIFF

The United States of America moves, unopposed by the parties and pursuant to Federal Rule of Civil Procedure 24, to intervene as a plaintiff in this matter, as of right and/or by permission. The United States has a significant interest in ensuring that Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, are properly and uniformly enforced, and its claims against Defendant City of San Juan involve questions of law and fact that are common to the claims brought by the Plaintiffs. For the reasons more fully set forth in the accompanying memorandum, the United States respectfully requests that the Court grant this motion.

Respectfully submitted,

| | |
|---|---|
| W. STEPHEN MULDROW<br>United States Attorney | ANNE S. RAISH<br>Acting Section Chief |
| */s/ Lisa E. Bhatia Gautier*<br>LISA E. BHATIA GAUTIER<br>Assistant United States Attorney / 206014<br>United States Attorney's Office<br>Torre Chardón, Suite 1201<br>350 Calle Chardón<br>San Juan, Puerto Rico 00918<br>Tel.: 787.266.5656  Fax: 787.766.5193<br>E-mail: lisa.bhatia@usdoj.gov | */s/ Adam F. Lewis*<br>AMANDA MAISELS<br>Deputy Chief<br>ADAM F. LEWIS<br>PAULA RUBIN<br>Trial Attorneys<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, D.C.  20530<br>Telephone: 202-307-0663<br>adam.lewis@usdoj.gov<br>paula.rubin@usdoj.gov<br><br>*Counsel for the United States of America* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan<br><br>  Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>  Plaintiff-Intervenor,<br><br>v.<br><br>CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan<br><br>  Defendant. | Case No. 19-cv-1837-JAG-GLS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' UNOPPOSED MOTION TO INTERVENE AS A PLAINTIFF**

This civil rights action was brought by individuals with mobility disabilities who allege that Defendant City of San Juan ("City" or "San Juan") violates Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, by failing to install and maintain curb ramps necessary to ensure its sidewalks are accessible to individuals with mobility disabilities.  Am. Compl. ¶¶ 1-4, 11, ECF No. 11.  Plaintiffs seek injunctive and declaratory relief on behalf of themselves and all other persons with mobility disabilities who live in, work in, or visit San Juan and seek to use the City's pedestrian rights-of-way.  *Id.* ¶¶ 3, 21.  Specifically, Plaintiffs ask that the Court order San

Juan to cure existing violations and adopt remedial measures and other policies and practices that ensure that the City's sidewalks are readily accessible to and useable by individuals with disabilities. *Id.*, Prayer for Relief ¶ B.

The United States' complaint in intervention, attached as Exhibit A, alleges similar violations and seeks similar declaratory and injunctive relief. As outlined in greater detail in the Complaint, the United States Department of Transportation Federal Highway Administration (FHWA) investigated the accessibility of pedestrian walkways in the El Vedado neighborhood of San Juan based on a complaint received from a resident of that neighborhood in 2017. Ex. A ¶¶ 21-22. In March 2019, FHWA issued a Letter of Findings (LOF) to San Juan, detailing numerous violations of Section 504 and Title II of the ADA. *Id.* ¶ 22. These included noncompliant or missing curb ramps, physical barriers such as utility poles that obstructed pedestrian walkways, and vehicles parked on sidewalks in front of homes and businesses completely blocking the path of travel. *See* 28 C.F.R. §§ 35.133(a), .149–150. *Id.* FHWA also found that San Juan had violated ADA programmatic requirements, including that the City appoint an ADA coordinator, provide a public notice of its ADA obligations, and adopt an ADA grievance procedure. *See* 28 C.F.R. §§ 35.106–.107. *Id.* ¶ 23.

FHWA's LOF required that San Juan enact various remedial measures to address the violations identified. *Id.* FHWA then spent nearly three years attempting to secure the City's voluntary compliance with its demands. *Id.* ¶ 24. On March 24, 2022, FHWA determined that its conciliation efforts had failed and referred its noncompliance findings to the United States Department of Justice to take appropriate enforcement action. *Id.* ¶¶ 26-27. *See* 28 C.F.R. 35.174; 49 C.F.R. § 27.125. The Department of Justice subsequently conducted additional investigation which confirmed that the accessibility barriers identified by the FHWA in the El

Vedado neighborhood are substantial and widespread throughout the City. *Id*. ¶¶ 28-33. As a result, the United States seeks to intervene in this matter, and to file the attached complaint in intervention seeking declaratory and injunctive relief, in order to ensure that San Juan complies with Title II and Section 504 and takes necessary remedial measures to make its public sidewalk system accessible to individuals with disabilities.

The United States moves to intervene as of right, pursuant to Rule 24(a), because the Department of Justice, as the federal agency charged with enforcing and implementing Title II of the ADA, has a significant protectable interest in ensuring the ADA is properly and uniformly enforced. *See* Fed. R. Civ. P. 24(a); 42 U.S.C. § 12101(b)(2)-(3). Alternatively, the United States requests the Court's permission to intervene, pursuant to Rule 24(b), because the United States' claims against San Juan involve questions of law and fact that are common to the claims brought by the Plaintiffs, and because resolution of Plaintiffs' claims involves the interpretation of statutes that the United States Attorney General is entrusted by Congress to administer. Fed. R. Civ. P. 24(b)(1)-(2). Counsel for both parties consent to the United States' intervention.

**I.      ARGUMENT**

The United States satisfies the criteria for intervention as of right, under Rule 24(a), and permissive intervention, under Rule 24(b), and should be permitted to intervene on either basis.

**A.  The United States May Intervene as of Right**

To intervene as a matter of right under Rule 24(a), a movant must establish that: (1) their motion is timely; (2) they have an interest in the property or transaction that is the subject of the action; (3) disposition of the action realistically threatens their ability to protect that interest; and (4) their position is not adequately represented by an existing party. *Puerto Rico Tel. Co. v. Sistema de Retiro de los Empleados del Gobierno y la Judicatura*, 637 F.3d 10, 14 (1st Cir.

2011) (citing Fed. R. Civ. P. 24(a)).  In analyzing motions under Rule 24(a), the First Circuit has explained that the "inherent imprecision of Rule 24(a)(2)'s individual elements dictates that the rule should be applied with an eye toward the commonsense view of the overall litigation." *Ungar v. Arafat*, 634 F.3d 46, 51 (1st Cir. 2011) (internal quotation marks omitted).  Here, the United States' motion satisfies all four criteria for intervention as of right.

      First, the First Circuit has advised that the concept of timeliness for an intervention petition "is not measured, like a statute of limitations, in terms of specific units of time, but rather derives meaning from assessment of prejudice in the context of the particular litigation." *P. R. Tel. Co.*, 637 F.3d at 15.  Thus, the key question here is whether the United States' intervention at the current stage of litigation would prejudice the parties.  It would not.  While the case has advanced past the motion to dismiss stage, the parties have not engaged in formal discovery.  Moreover, while mediation has been ongoing for more than a year, the United States has been aware of and engaged in the mediation as a nonparty and, as evidenced by the parties' consent to intervention, would be welcomed as a formal participant.

      Second, the United States has a significant interest in this litigation.  The Department of Justice, as the federal agency charged with enforcing and implementing Title II of the ADA, has a strong interest in ensuring the ADA is properly and uniformly applied.  The Department of Justice's protection and advancement of this interest via intervention is consistent with Congress's intent to create "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities," and to reserve a "central role" for the federal Government in enforcing the standards established in the ADA.  42 U.S.C. § 12101(b)(2)-(3).  In this matter, the United States also has a specific interest in ensuring that San Juan implements appropriate remedial measures to address the ADA violations found by FHWA.

Third, disposition of this action could impair the United States' ability to protect its interests. Any remedial plan agreed to or ordered that addresses the accessibility of sidewalks throughout San Juan will likely impact the United States' ability to ensure that sidewalks in San Juan comply with the ADA and Section 504 and that FHWA's noncompliance findings are appropriately resolved. *See Daggett v. Comm. on Gov't Ethics & Election Pracs.,* 172 F.3d 104, 110–11 (1st Cir. 1999) (holding that the possibility the litigation could end with an injunction adversely affecting intervenors' interests was adequate to satisfy this aspect of Rule 24(a)(2)). And, as already illustrated by the United States' earlier filing of an SOI, how the ADA is interpreted and applied in this case could affect the United States' ability to ensure that both San Juan and other cities and municipalities do not discriminate against individuals with disabilities in how they provide and maintain their public sidewalks.

Fourth, the Plaintiffs do not adequately represent the interests of the United States. "Typically, an intervenor need only make a 'minimal' showing that the representation afforded by a named party would be inadequate." *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 545-46 (1st Cir. 2006) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972); *see also Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992) ("An intervenor need only show that representation may be inadequate, not that it is inadequate."). Here, the private plaintiffs cannot adequately represent the interests of the United States because the United States represents the public interest, and the Plaintiffs do not have the same interests or expertise that the Department of Justice possesses as the agency entrusted by Congress with enforcing and implementing Title II of the ADA. 42 U.S.C. §§ 12101(b)(2)–(3), 12134; *see Perez v. Perry*, 2013 WL 5372882, at *2-5 (W.D. Tex.

5

Sept. 24, 2013) (permitting the United States to intervene where the Attorney General was "charged by statute with enforcing and administering the Voting Rights Act" and any order by the court could have "broad consequences for the United States and its role in administering [the Voting Rights Act]"); *see also Heaton v. Monogram Bank of Ga.*, 297 F.3d 416, 424-25 (5th Cir. 2002) (noting that "[g]overnment agencies . . . must represent the public interest" and "[i]t cannot be assumed that the existing [private] parties to the litigation would protect the FDIC's and the public's interest" in the proper regulation of the federal deposit insurance system). Thus, whether this matter is resolved voluntarily or through litigation, the United States' formal participation is critical to ensure that its interests are protected and that any remedial plan for San Juan, a large municipality of particular importance in Puerto Rico, comports with the United States' views on the proper interpretation and application of Title II. If intervention is denied, the United States' ability to adequately protect its interests will be impaired.

Finally, all of the above elements evaluated through a "commonsense" view of the litigation—and taking into account the parties' consent to intervention—support the conclusion that the United States should be allowed to intervene as of right.

### B. Alternatively, the United States Should be Permitted to Intervene

Where a party is not entitled to intervene as of right, a court may still grant permissive intervention under Rule 24(b). Rule 24(b)(2) empowers the court to permit intervention on timely motion by a governmental officer or agency where "a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." And Rule 24(b)(1)(B) empowers the court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

Here, the United States' intervention falls squarely within Rule 24(b)(2). *See* Fed. R. Civ. P. 24 advisory committee's note (explaining that subsection (b) was amended in 1946 to include explicit reference to governmental agencies and officers in order to avoid exclusionary construction of the rule, and citing, with approval, cases in which governmental entities were permitted to intervene); *see also* 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1912 (3d ed.) (noting that courts have allowed intervention liberally to government agencies and collecting cases). As discussed above, the Department of Justice is the federal agency that administers and enforces the ADA and Section 504, and issues the ADA's implementing regulations, and here the parties' claims and defenses entirely concern the application and enforcement of Title II and Section 504. *See Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 84, 92 (3d Cir. 1979) (en banc) (permitting United States to intervene based on its enforcement of federal statute and regulations protecting individuals with developmental and cognitive disabilities), *rev'd on other grounds*, 451 U.S. 1. Additionally, the United States' motion is timely and does not unduly delay the proceedings or prejudice the original parties. On the contrary, the United States anticipates its participation will help facilitate an appropriate and efficient resolution of this matter.

The United States also satisfies Rule 24(b)(1)(B) because the proposed complaint in intervention implicates several questions of fact and law that are common to the claims already brought by the Plaintiffs. Indeed, the most essential question—whether San Juan has failed to provide and maintain an accessible public sidewalk system thereby discriminating against people with mobility disabilities —is identical.

## II. CONCLUSION

For all of the above reasons, the United States respectfully requests that the Court grant the United States' motion to intervene.

Respectfully submitted,

| | |
|---|---|
| W. STEPHEN MULDROW<br>United States Attorney | ANNE S. RAISH<br>Acting Section Chief |
| */s/ Lisa E. Bhatia Gautier*<br>LISA E. BHATIA GAUTIER<br>Assistant United States Attorney / 206014<br>United States Attorney's Office<br>Torre Chardón, Suite 1201<br>350 Calle Chardón<br>San Juan, Puerto Rico 00918<br>Tel.: 787.266.5656  Fax: 787.766.5193<br>E-mail: lisa.bhatia@usdoj.gov | */s/ Adam F. Lewis*<br>AMANDA MAISELS<br>Deputy Chief<br>ADAM F. LEWIS<br>PAULA RUBIN<br>Trial Attorneys<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, D.C.  20530<br>Telephone: 202-307-0663<br>adam.lewis@usdoj.gov<br>paula.rubin@usdoj.gov<br><br>*Counsel for the United States of America* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan <br><br> Defendant. | |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan <br><br> Defendant. | Case No. 19-cv-1837-JAG-GLS |

## **ORDER**

AND NOW, this _____ day of _____ 2022, upon consideration of the United States of America's Unopposed Motion to Intervene as a Plaintiff, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

_____
United States District Court Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Adam F. Lewis*
ADAM F. LEWIS