**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan,<br><br>    Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>CITY OF SAN JUAN, a public entity also known as the Municipality of San Juan,<br><br>    Defendant. | Case No. 19-cv-1837-JAG-GLS |

**STIPULATED ORDER**

1. On December 12, 2020, the Court stayed all proceedings in this case and referred the Parties to Magistrate Judge Giselle López-Soler for mediation. Docket No. 29. In furtherance of their efforts to reach a mediated resolution, the undersigned Parties HEREBY STIPULATE AND AGREE that the stay should remain in place for thirty-six (36) months from the date of this Order on the below terms and conditions.

**A. Training**

2. Within two (2) months of the date of this Order, San Juan will train all Municipal employees who supervise construction, repair, or maintenance work related to the "Public Sidewalk System" (i.e., all sidewalks, curb ramps, crosswalks, and any other similar pedestrian facilities in the public right-of-way within San Juan, excluding locations over which the Municipality has no legal authority or control) on all applicable Americans with Disabilities Act Accessibility Standards. The training will be conducted by Engineer Luis Tirado. San Juan will provide Engineer Tirado's proposed training materials to the United States at least one (1) month in advance of the training being conducted and will make good faith efforts to address any edits or suggestions provided

       by the United States.  Any edits or suggestions provided by the United States must be provided to Engineer Tirado no later than ten (10) days prior to the date of the first training.  San Juan will provide notice of when the first training will be held pursuant to this section so that the United States may attend.

3. Following entry of this Order, any additional employees hired by San Juan who supervise construction, repair, or maintenance work related to the Public Sidewalk System must be trained on all applicable ADA Accessibility Standards within one (1) month of beginning employment.

4. San Juan will maintain records of the names, job titles, and dates of attendance for all individuals trained pursuant to this section and will provide copies of that information to the United States upon request.

### B.  Barrier Reporting Process

5. Within six (6) months of the date of this Order, the Municipality will develop, implement, and report to the United States a process for soliciting and receiving input from persons with disabilities, and others, regarding the accessibility of the Public Sidewalk System.  At minimum, this process will include that San Juan will:

    a. Provide in a conspicuous location on the Municipality's homepage a link to an electronic form in an Accessible Format (i.e., that conforms to the Web Content Accessibility Guidelines (WCAG) 2.1 level AA) by which individuals can report accessibility barriers in the Public Sidewalk System.  This form will include options to request to install or repair curb ramps and/or sidewalks at particular locations.  The Municipality will also accept barrier reports and other input about the accessibility of the Public Sidewalk System via other methods (in-person, phone, etc.); and

    b. Record and maintain all data received or created during this process (including reports and any responses to reports) in a centralized, electronic format and provide that data to the United States upon request.

### C.  Public Sidewalk System Assessment

6. <u>Accessibility Consultant:</u>  Within six (6) months of the date of this Order, the Municipality will retain a third-party Accessibility Consultant to conduct a self-assessment that accurately identifies any barriers to people with disabilities within the Public Sidewalk System, in accordance with the ADA Accessibility Standards.  During the procurement process, additional weight will be assigned to every potential Consultant that has successfully conducted a comparable ADA accessibility assessment of the sidewalks and/or curb ramps in a city of at least 20,000 people.  The weight assigned to this prior assessment criterion must be equal to the weight assigned to any other criterion and must account for at least 15% of the total evaluation points available.  Within (1) month of the date of this Order, the Municipality will share a draft of any RFP it intends to issue to solicit Consultant bids.  The United States may provide any comments or suggestions it has on the RFP within three (3) weeks of receipt and the Municipality will

work in good faith to consider the United States' input. The RFP notice shall be issued in English and Spanish. Following the Municipality's selection of a Consultant, but at least one (1) month before the contract with the Consultant is executed, the Municipality will provide the United States with information about the proposed Consultant's credentials, their experience conducting comparable assessments, and the methodology and technological tools they have proposed to conduct the Assessment. If the United States objects to the Municipality's proposed Consultant, the Parties will attempt to resolve the disagreement in good faith pursuant to the dispute resolution process in Paragraph 18. San Juan will bear all costs and expenses of retaining the Consultant.

7. <u>Assessment Report</u>:  The Assessment Consultant will produce a written Assessment Report that identifies all elements of the Public Sidewalk System that are within the Municipality's control and that are not in compliance with the ADA Accessibility Standards. The Assessment will be limited to locations over which the Municipality has legal authority and control. The Assessment will, however, include identification of accessibility barriers in the Public Sidewalk System caused by other entities, including utility poles and electric company boxes.

8. <u>Remediation Priorities</u>:  The Accessibility Consultant will also recommend an approach to completing the remediation that prioritizes: (a) providing access to Municipal and other government offices and facilities, transportation terminals, places of public accommodation, and employers, consistent with the priorities outlined in 28 C.F.R. § 35.150(d)(2); and (b) responding to requests or input provided by people with disabilities through the Barrier Reporting Process and other means.

9. <u>Periodic Status Conferences</u>:  Three (3) months after the retention of the Accessibility Consultant, and every three (3) months thereafter, the Court will hold virtual status conferences at which the Parties will be present along with a representative for the Accessibility Consultant. At these conferences, the Municipality and the Consultant will provide written updates on the status and progress of the Assessment and copies of the data collected to date. The Parties will make themselves available to meet and confer (in person or remotely) more frequently as needed.

10. <u>Completion</u>:  The Municipality will complete the Assessment within thirty (30) months of the date of this Order and will provide a copy to the United States. San Juan will also post a link in a conspicuous location on the Municipality's homepage to a copy of the Assessment in an Accessible Format on the Municipality's website.

### D. Ongoing Remediation and Future Construction or Alteration

11. The United States acknowledges that the Municipality has already allocated $3,100,000.00 for the repair and replacement of elements of the Public Sidewalk System.

12. Following entry of this Order, the Municipality will ensure that whenever it constructs or alters elements of the Public Sidewalk System, any sidewalks, curb ramps, crosswalks or other pedestrian facilities affected by the construction or alteration will be made compliant with the ADA Accessibility Standards (consistent with the elements identified in Attachment A). The Municipality will also ensure that whenever it repaves or

resurfaces roadways it complies with 28 C.F.R. § 35.151(i) by providing compliant curb ramps or other sloped areas at any intersection having curbs or other barriers to entry from a street level pedestrian walkway.  The Municipality will have six (6) months following entry of this Order to enter into any contracts necessary to ensure that any repavement or resurfacing work in progress as of the date of this Order complies with this requirement.

### E. Compliance Verification

13.  Subject Matter Experts:  All new construction, alterations, or repairs made by San Juan to the Public Sidewalk System following entry of this Order must be inspected and certified as compliant with the ADA Accessibility Standards by an independent licensed architect, engineer, or otherwise professionally licensed Subject Matter Expert (SME) who has expertise on the ADA Accessibility Standards.  SMEs may not be Municipal employees but may be outside contractors who are also retained by the Municipality to conduct architectural inspections.  San Juan will provide the curriculum vitae or resume for any SME it retains to the United States, upon request.  San Juan will not retain an SME to certify the compliance of a Public Sidewalk System element if the SME, or their business associates, was in any way involved in the design or construction of that specific element.  The Municipality will have ninety (90) days from the entry of this Order to retain an SME to comply with this section if it has not done so previously.

14.  Certification:  SMEs will certify the compliance of Public Sidewalk System elements with the ADA Accessibility Standards by creating "Certificates of Compliance," substantially similar in form and content to the certification forms in Attachment A, that identify the element(s) being certified with sufficient specificity to provide notice to third parties of ADA compliance and will be accompanied by sufficient, conclusive evidence supporting the certification including, but not limited to photographs showing pertinent measurements (such as slope and dimensional characteristics).  This information should be compiled in a way that can be provided easily in an electronic format.

15.  Reporting and Technical Assistance:  San Juan will provide all Certificates of Compliance issued by SMEs to the United States upon request.  The United States may notify San Juan if an SME submits Certificates that do not comply with the above requirements.

### F. ADA Coordinator, Notice, and Grievance Procedure

16.  The Parties acknowledge that the Municipality has hired an ADA Coordinator.  Within thirty (30) days of the date of this Order, the Municipality will ensure that the ADA Coordinator's contact information (name, office address, telephone number, and email address) is posted in an Accessible Format in a conspicuous location on the Municipality's homepage.

17.  The Parties acknowledge that the Municipality has issued a *Notice Under the Americans with Disabilities Act* ("ADA Notice") and has adopted an ADA Grievance Procedure.  Within thirty (30) days of the date of this Order, the Municipality will post the ADA Notice and ADA Grievance Procedure in an Accessible Format on the Municipality's

website with links to the documents in a conspicuous location on the homepage. The Municipality will distribute these documents to all of its agency heads, and will update, redistribute, and repost them whenever necessary to ensure their accuracy.

### G. Information Sharing and Collaboration

18. The Parties will cooperate in good faith to share information relevant to compliance with this Order. If any Party believes that another Party has failed to comply with any provision of this Order, it will provide written notice to all Parties of the alleged noncompliance. The Parties shall negotiate in good faith to resolve the alleged noncompliance. If, after twenty-one (21) days, the Parties have been unable to resolve the dispute, any Party may file a motion with the Court to enforce this Order or seek other appropriate relief, including lifting the stay.

19. Any provisions and time limits for performance imposed by this Order, including deadlines for work to be completed by the Municipality, may be extended only with the Court's approval. All Parties will, reasonably, in good faith, and without undue delay, consider requests by other Parties to jointly move to extend deadlines agreed upon in this Stipulated Order. No Party shall be deemed to be in violation of this Order when its failure to comply or delay in complying with a provision of the Order is caused by a *force majeure*—i.e., an event or effect that the Party can neither anticipate nor control. If the Parties disagree upon whether an extension or delay is appropriate or warranted, they will attempt to resolve the dispute pursuant to the process in the preceding paragraph.

20. This Order will remain in effect for thirty-six (36) months. At least six (6) months prior to expiration of this Order, the Parties will meet and confer and propose dates to Magistrate Judge Giselle López-Soler for a further mediation session. At the mediation, the Parties will engage in good faith negotiations aimed at conclusively resolving this matter in light of the information gathered in the Assessment.

21. Nothing in this order should be construed as an admission by the Municipality that the Public Sidewalk System is a service, consistent with the meaning of such term, in the ADA.

**IT IS SO ORDERED** this 1st day of August, 2023.

s/ Jay A. Garcia-Gregory
_____
UNITED STATES DISTRICT COURT JUDGE

SIGNATURES ON FOLLOWING PAGE. The persons whose signatures appear below certify that they are authorized to sign on behalf of the respective Party.

*/s/ Lisa E. Bhatia Gautier*
LISA E. BHATIA GAUTIER
Assistant United States Attorney / 206014
United States Attorney's Office
Torre Chardón, Suite 1201
350 Calle Chardón
San Juan, Puerto Rico 00918
Tel.: 787.266.5656  Fax: 787.766.5193
E-mail: lisa.bhatia@usdoj.gov

*/s/ Adam F. Lewis*
ADAM F. LEWIS (No. G03303)
PAULA RUBIN
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, D.C.  20530
Telephone: 202-307-0663
adam.lewis@usdoj.gov

*Counsel for the United States of America*

*/s/ Raúl Mariani Franco*
RAÚL MARIANI FRANCO
Mariani-Franco Law, PSC
P.O. Box 9022864
San Juan, PR 00902-2864
Tel. (787) 620-0038
Fax: (787) 620-0039

*Counsel for the Municipality of San Juan*

*/s/ Jose Carlos Vélez-Colon*
JOSE CARLOS VÉLEZ-COLON
USDC-PR 231014
Velez Law Group LLC
1969 S. Alafaya Trail #379
Orlando, FL 32828
T.: (787) 422-1881
vlg@velezlawgroup.com

*Counsel for the Betancourt Plaintiffs*

# SME Certification of Curb Ramp Compliance

Case / DJ: **MUNICIPALITY OF SAN JUAN / 204-65-37**     Date:_____

**Location 1:** _____

**Type: Perpendicular**  _____  **/ Diagonal**  _____  **/ Parallel**  _____  **/ Other**

| | |
|---|---|
| **Supporting photographs and architectural drawings attached:** | Y / N _____ |
| Width at least 36"? | **Y / N** _____ |
| Surface firm, stable, slip-resistant? | Y / N _____ |
| Running slope, normal conditions, maximum 1:12 / 8.33%? | Y / N _____ |
| Running slope, alterations/space constraints: 1:10 / 10% rise ≤ 6", 1:8 / 12.5% rise ≤ 3"? | Y / N _____ |
| Slope of flared sides maximum 1:10 / 10%? | Y / N _____ |
| Top landing at least 36" deep and wide as ramp? | Y / N _____ |

☐ Full compliance with the ADA Accessibility Standards could not be achieved because of structural impracticability (i.e., the unique characteristics of terrain prevent the incorporation of accessibility features, 28 C.F.R. § 35.151(a)(2)).  The following item(s) were altered to the maximum extent feasible (with description):

_____
_____
_____

Additional Notes:

_____
_____
_____

I, **[ insert   name ]**, in my capacity as a Subject Matter Expert, retained by the Municipality of San Juan, Puerto Rico, pursuant to agreement by the Parties in *Betancourt-Colón v. City of San Juan* (19-cv-1837), hereby CERTIFY that the above described element is in full compliance with the applicable Americans with Disabilities Act Standards for Accessible Design as of the date of my personal inspection shown above.

_____
Signature of Subject Matter Expert

# SME Certification of Sidewalk Compliance

Case / DJ: **MUNICIPALITY OF SAN JUAN / 204-65-37**        Date:_____

**Location 1:** _____

| | |
|---|---|
| **Supporting photographs and architectural drawings attached:** | **Y / N** _____ |
| Width at least 36"? | **Y / N** _____ |
| Adequate passing spaces? (*60" x 60" or T, every 200' minimum*) | **Y / N** _____ |
| Surface firm, stable, slip-resistant? | **Y / N** _____ |
| Running slope maximum 1:20 / 5%? | **Y / N** _____ |
| Cross slope maximum 1:48 / 2.08%? | **Y / N** _____ |
| Free of abrupt change in level more than ½"? | **Y / N** _____ |
| Are changes in level between ¼" - ½" beveled? | **Y / N** _____ |
| Route clear of protruding objects? | **Y / N** _____ |
| Does route have adequate head room? | **Y / N** _____ |

☐ Full compliance with the ADA Accessibility Standards could not be achieved because of structural impracticability (i.e., the unique characteristics of terrain prevent the incorporation of accessibility features, 28 C.F.R. § 35.151(a)(2)). The following item(s) were altered to the maximum extent feasible (with description):

_____
_____
_____

Additional Notes:

_____
_____
_____

          I, **[  insert   name  ]**, in my capacity as a Subject Matter Expert, retained by the Municipality of San Juan, Puerto Rico, pursuant to agreement by the Parties in *Betancourt-Colón v. City of San Juan* (19-cv-1837), hereby CERTIFY that the above described element is in full compliance with the applicable Americans with Disabilities Act Standards for Accessible Design as of the date of my personal inspection shown above.

_____
Signature of Subject Matter Expert