## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| William Rodríguez-Burgos et al.,<br>Plaintiffs,<br><br>v.<br><br>Municipality of San Juan<br>Defendant. | Civil No. 19-1837 (JAG) |

### ORDER

Plaintiffs, the Municipality of San Juan, and the intervenor, United States of America, negotiated and reached a consensus on a stipulated order that would allow the Municipality of San Juan to make preliminary concessions, gather information and make a complete assessment of work prior to engaging in negotiations that could lead to resolution of the Americans with Disabilities Act ("ADA") matters posed in this litigation. The Stipulated Order was issued by the Court on August 1, 2023. Docket No. 204. Plaintiffs moved for attorney's fees as a prevailing party under the ADA's fee-shifting provision. Docket No. 206. The matter was referred to me for disposition. Docket No. 218. I find that Plaintiffs are not a prevailing party. Plaintiffs' Motion for Interim Attorneys' Fees, Costs, and Expenses at Docket No. 206 is **DENIED**.

### I.      Background

On September 6, 2019, Faustino Xavier Betancourt-Colón[1], Virgen Negrón-Villegas, Minor A.V.R., represented by her mother Widallys Rivera Quiñones, and William Rodríguez-Burgos (collectively, "Plaintiffs") filed the instant case against the Municipality of San Juan, seeking declaratory and injunctive relief under the ADA, 42 U.S.C. §§ 12101-12213, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, et seq. Docket Nos. 1, 11. Plaintiffs seek redress for the Municipality's alleged systemic, pervasive and continuing policy, pattern, or practice of unlawfully discriminating against individuals with mobility disabilities. Docket No. 11

---

[1]      Plaintiff Faustino Xavier Betancourt-Colón passed away and has been terminated as a party to this action. See Docket No. 1530.

¶ 1. Plaintiffs argued that the Municipality has failed, and continues to fail, in installing and maintaining curb ramps necessary to make its pedestrian right-of-way readily accessible to people with mobility disabilities. Id. Furthermore, Plaintiffs alleged that the Municipality has failed to comply with its obligation to install and/or remediate curb ramps when it alters or constructs new streets, bus stops, and sidewalks. Id. Plaintiffs seeks that the Court declare the Municipality liable for ADA violations. Id. at pp. 53-54. They also seek a permanent injunction requiring the Municipality to install, repair, and maintain accessible curb ramps, remediate past violations, ensure future compliance with accessibility standards, and adopt policies and practices that keep curb ramps accessible, so that the pedestrian right of way is accessible and usable by individuals with mobility disabilities. Id.

On February 21, 2021, the presiding District Judge stayed all proceedings and referred the case to me for mediation. See Docket No. 29. As part of the mediation efforts, the Municipality of San Juan consented to the intervention sought by the United States of America. Docket Nos. 89, 93. After a series of mediation sessions that spanned well over two years (Docket Nos. 37, 39, 45, 50, 52, 56, 67, 78, 94, 124, 125, 129, 146, 163, 183), the parties, along with the Department of Justice of the United States of America, proposed to the Court a stipulated order. Docket Nos. 186, 204. The presiding District Judge issued the negotiated Stipulated Order and, pursuant to the agreement between the parties, ordered a stay of the proceedings to remain in place for thirty-six (36) additional months, that is until August 1, 2026. Docket No. 204. Shortly thereafter, Plaintiffs filed a motion requesting an award of attorney's fees, which the Municipality opposes. Docket Nos. 206, 212. Plaintiffs replied and the Municipality filed a sur-reply. Docket Nos. 227, 244.

## II.    Discussion

Absent explicit fee-shifting authority, litigants are required to bear their own fees. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 602 (2001). The ADA contains such explicit authority:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs ....

42 U.S.C. § 12205. To recover fees under the ADA's fee-shifting provision, a party must demonstrate that it has prevailed in the litigation. Id. The term "prevailing party" is a "term of

art," Buckhannon, 532 U.S. at 603, and "[t]he concepts that shape th[at] term apply broadly to the entire universe of federal fee-shifting statutes." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8 (1st Cir. 2011). To qualify as a prevailing party, the party seeking to recover fees must demonstrate (1) "a material alteration of the legal relationship of the parties" (2) that possesses the requisite "judicial imprimatur." Buckhannon, 532 U.S. at 604-05 (quoting Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)); see also Hutchinson, 636 F.3d at 8-9. A material change occurs when the plaintiff succeeds on "any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing the suit." Tex. State Tchrs. Ass'n, 489 U.S. at 789 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The judicial imprimatur inquiry considers "the level of court involvement in the parties' changed relationship." Suárez-Torres v. Panadería y Repostería España, 988 F.3d 542, 552 (1st Cir. 2021). Therefore, a voluntary change in conduct by the defendant, "'although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur' for prevailing party status." Id. (quoting Buckhannon, 532 U.S. at 605). The U.S. Supreme Court has identified two outcomes that satisfy the judicial imprimatur requirement: (1) judgment on the merits and (2) settlement agreements enforced through a consent decree. Id. Clearly, the matter here does not fall under either. Nonetheless, the First Circuit has held that the judicial imprimatur concept should not be so narrow read as to require courts to "look exclusively at the label attached to a particular order." Hutchinson, 636 F.3d at 9; see also Suárez-Torres, 988 F.3d at 552. Instead, "an inquiring court must consider 'whether the order contains the sort of judicial involvement and actions inherent in a 'court ordered consent decree.'" Hutchinson, 636 F.3d at 9 (internal citations omitted). In tackling this inquiry, courts consider both the content and the context of the order by applying the following factors identified in Hutchinson: (1) "whether the change in the legal relationship between the parties was 'court-ordered,'" (2) "whether there was 'judicial approval of the relief vis-à-vis the merits of the case,'" and (3) "whether there exists continuing 'judicial oversight and ability to enforce the obligations imposed on the parties.'" Id. (cleaned up).

Plaintiffs argue that the Stipulated Order at Docket No. 204 is enough to recognize its prevailing party status and their entitlement to attorney's fees. Docket Nos. 206, 227. Plaintiffs aver that the Stipulated Order mandates court-ordered actions which align with the remedies sought in the Amended Complaint at Docket No. 11. And that the Municipality's commitments as set forth in the Stipulated Order "supersede any need for an explicit admission of liability." Docket

No. 227 at p. 3. The Municipality counters that a determination on the merits has not been made, that no merit-based relief has been granted, that the Stipulated Order is an "interim resolution," that the mediation process is ongoing, and that it has not admitted liability under the ADA as it has not even filed its answer to the Amended Complaint. Docket Nos. 212, 244.

### 1.    Material Change in Legal Relationship

As a result of the years-long mediation process, the parties agreed on an action plan under which the Municipality committed to training employees and contractors on ADA-compliance matters (Docket No. 204 at ¶¶ 2-4), developing a system for the public to report accessibility barriers and request curb ramp and/or sidewalk repairs (Docket No. 204 at ¶ 5), and ensuring that newly constructed and repaved work resulted in ADA-compliant sidewalks and curb ramps, including certifications by an ADA subject matter expert (Docket No. 204 at ¶¶ 11-15). The Municipality also acknowledged efforts to retain an ADA coordinator and give publicity to its ADA grievance procedure (Docket No. 204 at ¶¶ 16-17). Importantly and most crucial to the agreement between the parties was the Municipality's efforts to retain an Accessibility Consultant to conduct a comprehensive assessment of the public sidewalk system in the entire Municipality. Docket No. 204 ¶¶ 6-10. As agreed in the Stipulated Order, the Accessibility Consultant, which was selected and retained after complying with requirements imposed by the United States (id. at ¶ 6), would prepare an assessment report that identifies all elements of the public sidewalk system within the Municipality's control that are not in compliance with the ADA. Id. This assessment report, which would also include remediation recommendations, would be completed within thirty (30) months and made public. Id. Although the work of the Accessibility Consultant was at the center of the agreements between the parties so that informed mediation could ensue, the commitments undertaken by the Municipality in the proposed stipulated order addressed some concerns outlined in Plaintiffs' Amended Complaint. As such, I assume (without deciding) that Plaintiffs achieved **some** of the benefits sought in filing their suit and thus achieved a change in their legal relationship with the Municipality. See Suárez-Torres, 988 F.3d at 552 (emphasis added).

### 2.    Judicial Imprimatur

The judicial imprimatur inquiry looks at the level of court intervention in causing the changes in the parties' relationship. Buckhannon, 532 U.S. at 605-06. Plaintiffs did not discuss the factors in Hutchinson, 636 F.3d at 9, and these do not establish sufficient court intervention to

justify the finding of judicial imprimatur. First, the parties' relationship did not change due to a court order. Suárez-Torres, 988 F.3d at 553; Hutchinson, 636 F.3d at 9. As discussed above, central to the preliminary mediation efforts and the agreements reached by the parties in the proposed Stipulated Order was the agreement by the Municipality to invest resources in gathering information that would allow it to assess the ADA needs in the Municipality before continuing with settlement discussions. Although I served as mediator, the parties' compromises in the proposed order were voluntary; not compelled by the Court. The proposed order adopted by the Court in the Stipulated Order establishes a path to future settlement discussions, and my role as mediator has been limited to overseeing compliance with that framework without addressing the merits of Plaintiffs' ADA claims. Such involvement "does not render the changed relationship 'court-ordered' within the meaning of the Hutchinson inquiry." Suárez-Torres, 988 F.3d at 553. See Aronov, 562 F.3d at 92-93 ("A plaintiff does not become a prevailing party if the court merely recognized what the [defendant] has voluntarily agreed to [do]."). Second, the Court has not addressed the merits of Plaintiffs' ADA claims, granted any relief requested in the Amended Complaint, or approved a consent decree. In the Amended Complaint, Plaintiffs seek a finding of liability under Title II of the ADA and an order requiring remedial measures, including the repair and construction of ADA-compliant curb ramps and sidewalks. Although in the proposed Stipulated Order the Municipality agreed to ensure that future work would be ADA-compliant, the crux of the Stipulated Order was not to provide ADA relief to Plaintiffs. In the proposed order, the Municipality rejected admission of liability. See Docket No. 204 at ¶ 21. And the Stipulated Order allows for a 36-month stay so that, after completing the collection of information and the assessment report by the Accessibility Consultant, the parties could re-take negotiations. Docket No. 204 at ¶ 20 ("At the mediation, the Parties will engage in good faith negotiations aimed at conclusively resolving this matter in light of the information gathered in the Assessment"). Indeed, such negotiations are now set to formally begin on May 11, 2026. Docket No. 1527. The stay sought by the parties and the agreement to come back to the negotiation table after completion of the assessment report by the Accessibility Consultant in the proposed Stipulated Order reflects the parties' recognition that additional groundwork was required before the case can be meaningfully resolved. See Aronov, 562 F.3d at 92 ("Whether an order contains a sufficient judicial imprimatur can only be determined by determining the content of the order against the entire context before the court."). Third, while the Court certainly has authority to enforce compliance with the

Stipulated Order, such enforcement would not be aimed at providing Plaintiffs with relief based on the merits of their claims. Rather, enforcement efforts would primarily ensure that the Municipality complete the necessary steps to facilitate productive mediation efforts, which are now forthcoming.

Plaintiffs do not point to any authority to establish that the Stipulated Order could be equivalent to a judgment on the merits within the meaning of Buckhannon to automatically qualify them as a prevailing party. See Suárez-Torres, 988 F.3d at 552-53; Buckhannon, 532 U.S. at 604. Plaintiffs rely on out-of-circuit cases that arise under a different procedural stance or that do not support their position. For instance, in Yakowicz v. Com. of Pa., 683 F.2d 778, 782 (3rd Cir. 1982), the Third Circuit declined review of the district court's denial of interim attorney's fees because the order was not final and therefore not appealable. And in J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 274 (3d Cir. 2002), the Third Circuit held that a decision on the merits was necessary to justify interim attorney's fees.

Plaintiffs' reliance on Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544 (1st Cir. 2018) is misplaced. In Sinapi, the First Circuit held that the plaintiff could not be deemed a prevailing party despite having obtained a temporary restraining order. Sinapi, 910 F.3d at 551-52 ("Since the substance of Sinapi's claim for injunctive relief was never addressed in any depth, despite the Board's vigorous argument that the claim was fatally flawed, and no merits-based decision ever entered in his favor, Sinapi never achieved prevailing party status, and the award of fees was unsupported."). The First Circuit in Sinapi reasoned that without allowing the defendant a "fair opportunity to contest [the plaintiff's claims] on a properly developed record" awarding attorney's fees was unwarranted. Id. at 552.

Further, Plaintiffs' reliance on Lackey v. Stinnie, 604 U.S. 192 (2025), is also misdirected. Lackey arises in a materially different context to the case here because the plaintiff in Lackey had obtained an injunction. And Lackey makes clear that even a plaintiff who secures a preliminary injunction based on a predicted likelihood of success on the merits does not qualify as a prevailing party. Id. at 207. The U.S. Supreme Court in Lackey emphasized that a "prevailing party" is one who secures a conclusive resolution of a claim through "enduring judicial relief on the merits that materially alters the legal relationship between the parties." Id. at 203-04. It further reaffirmed the notion that a party does not "prevail" merely because its lawsuit prompts voluntary changes in the

defendant's conduct. <u>Id</u>. at 202. No such conclusive resolution or enduring judicial relief has been achieved by Plaintiffs in this case.

### III.    Conclusion

Awarding attorney's fees at this juncture is not warranted as a matter of law as Plaintiffs did not achieve prevailing party status upon the entry of the Stipulated Order. For the reasons discussed, Plaintiffs' Motion for Interim Attorney's Fees, Costs, and Expenses at Docket No. 206 is **DENIED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 23rd day of April 2026.

<u>s/Giselle López-Soler</u>
GISELLE LÓPEZ-SOLER
United States Magistrate Judge